**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCISCO CARDENAS AGUILAR,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-73563

Agency No. A096-354-980

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Francisco Cardenas Aguilar, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Aguilar does not challenge the BIA's dispositive determination that his motion to reopen was untimely and that Aguilar has not established that any exception to the filing deadline applies. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n. 3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

Contrary to Aguilar's contention, the BIA sufficiently considered his arguments and articulated its reasons for denying the motion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Aguilar's statement that he applied for cancellation of removal is not supported by the record, thus his contention that denial of his application for cancellation violates equal protection lacks merit.

Aguilar's constitutional challenges to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") also lack merit. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602-03 (9th Cir. 2002) (rejecting equal protection claim regarding NACARA); *Vasquez-Zavala v. Ashcroft*, 324 F.3d

1105, 1108-09 (9th Cir. 2003) (rejecting similar constitutional challenge to IIRIRA).

To the extent Aguilar challenges the BIA's decision not to invoke its sua sponte authority to reopen, we lack jurisdiction over that contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

In light of this disposition, we need not address Aguilar's remaining contentions regarding eligibility for cancellation of removal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**